UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States of America,

          Plaintiff,

     v.

ALIK ILYIN,

          Defendant.

Case No.  12-cr-00467-RS-1

**ORDER TO SHOW CAUSE**

## I.      INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2255 by a *pro se* federal prisoner.  Petitioner Alik Ilyin moves to set aside, vacate, or correct his sentence. Respondent is ordered to show cause as to why this petition should not be granted.

## II.      DISCUSSION

Petitioner was sentenced on August 22, 2013 to 120 months in prison plus five years supervised release after entering a guilty plea to two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B)(viii), and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (b)(1)(A)(viii).  His subsequent appeal was dismissed on February 20, 2014, when the Ninth Circuit granted his motion for voluntary dismissal.  He now moves to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255.  Under this section, the federal court who sentenced the petitioner is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the

United States District Court
Northern District of California

1   United States, or that the court was without jurisdiction to impose such sentence, or that the

2   sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

3   attack." 28 U.S.C. § 2255(a).  If the court finds that relief is warranted under Section 2255, it must

4   vacate and set the judgment aside and then either "discharge the prisoner or resentence him or

5   grant a new trial or correct the sentence as may appear appropriate."  *United States v. Barron*, 172

6   F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

7          Petitioner challenges this Court's final judgment and sentence as a violation of his Sixth

8   Amendment rights.  He maintains that he was deprived of his right to a speedy trial, and that his

9   counsel failed both to investigate the circumstances of his case properly and to request a

10  sentencing departure on his behalf.  Liberally construed, these claims appear cognizable for

11  federal habeas review.

### III.     CONCLUSION

12         1.  The Clerk shall serve by certified mail a copy of this order, petition and all attachments

13  thereto, on respondent and respondent's counsel.  The Clerk shall also serve a copy of this order

14  on petitioner.

15         2.  Respondent shall file with the Court and serve on petitioner, within ninety (90) days of

16  the date this order is filed, showing cause as to why a writ of habeas corpus should not be granted

17  based on petitioner's cognizable claim.

18         3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

19  Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

20         4.  Petitioner is reminded that all communications with the Court must be served on

21  respondent by mailing a true copy of the document to respondent's counsel.

22         5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court

23  and respondent informed of any change of address and must comply with the Court's orders in a

24  timely fashion.  Failure to do so may result in dismissal of this action for failure to prosecute

25  pursuant to Federal Rule of Civil Procedure 41(b).

26         6.  Upon a showing of good cause, requests for a reasonable extension of time will be

granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

Dated: January 23, 2015

_____
RICHARD SEEBORG
United States District Judge