UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALIK ILYIN,<br><br>    Defendant. | Case No. 12-cr-00467-RS-1<br><br>**ORDER GRANTING MOTION TO AMEND PETITION AND DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |

**I. INTRODUCTION**

Federal prisoner Alik Ilyin moves to vacate his sentence under 28 U.S.C. § 2255. His petition asserted initially three distinct claims for ineffective assistance of counsel; namely, that his attorneys acquiesced to a violation of his rights under the Speedy Trial Act, failed to pursue an outrageous government conduct claim, and failed to inform the court about a post-sentencing prison attack. In his plea agreement with the government, however, Ilyin expressly waived his right to bring claims for putative constitutional injuries unrelated to the entry of his guilty plea.

Thus, after requesting and receiving three extensions of the deadline to reply to the government's opposition brief—which raises pointedly the waiver—Ilyin moved to amend his original § 2255 petition. Ilyin now asserts two additional claims for ineffective assistance of counsel on the theory his plea was neither knowingly nor voluntarily entered. Ilyin contends his attorney did not explain adequately the meaning of the collateral appeal waiver, and maintains he was under the influence of methamphetamine when his plea was taken. Ilyin's added claims effectively are futile. In recognition of his status as a *pro se* litigant, however, his request to amend will be granted.

On the merits, the recent claims must be denied as untimely because the grounds that Ilyin

asserts do not relate back to the grounds of his initial § 2255 petition. Even if they were not time-barred, however, the record evinces that they are baseless. Ilyin's original three claims fall squarely within the teeth of the collateral appeal waiver, and setting that aside once again, they nevertheless are devoid of substantive merit. In sum, Ilyin fails to articulate any colorable theory under which he might be entitled to § 2255 relief. His motion to vacate his sentence is therefore denied.

## II. BACKGROUND

On June 3, 2013, pursuant to a plea agreement with the government, Ilyin pled guilty in this court to one count of distribution of 5 grams or more of methamphetamine and one count of possession with intent to distribute 50 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii). After he was sentenced to a 120-month term of imprisonment, Ilyin filed a direct appeal with the Ninth Circuit. On March 10, 2014, he elected voluntarily to dismiss that appeal and, on November 17, 2014, he filed the instant motion for § 2255 relief. After requesting and receiving three extensions of the deadline to reply to the government's opposition, on October 1, 2015, Ilyin moved to amend his petition. Ilyin did not elect to file a reply in support of his original petition.

## III. DISCUSSION

As the claims alleged in Ilyin's motion to amend question the constitutional footing of his guilty plea, it is best to begin by addressing the propriety of those allegations.

**A. Ilyin's Motion to Amend**

    **1. Threshold Issues**

As a preliminary matter, Ilyin's submission raises the question of whether the October filing should be treated as a motion to amend or a "second or successive" petition.[1] The Ninth

---

[1] If the newly submitted § 2255 motion is "second or successive" within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Ilyin must receive authorization from the court of appeals before he may file his petition. 28 U.S.C. § 2255; *id.* § 2244(b)(3)(A). The court of appeals would not grant that authorization unless Ilyin makes a prima facie showing that the new claims presented in his second or successive motion are based on a new rule of constitutional law or newly discovered evidence. 28 U.S.C. § 2255. Ilyin's October 1, 2015,

Circuit instructs that "when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."[2] *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008) (quotation marks and citation omitted). Here, Ilyin's original petition was still pending when he submitted the October filing. His submission therefore properly is construed as a motion to amend his petition.

**2. Legal Standard**

Federal Rule of Civil Procedure 15(a) "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (quotation marks and citation omitted). Under that rule, when a party seeks leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of a motion for leave to amend a pleading is proper only when "there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted).

If leave to amend is appropriate under Rule 15(a), the Court next must assess whether the amended claims are timely under the applicable statute of limitations. Federal Rule of Procedure 15(c) governs the timeliness of a motion to amend submitted after the AEDPA's statute of limitations has expired. *See Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000). Under Rule 15(c), an amendment is timely if it "relates back" to the original habeas motion. Fed. R. Civ. P.

---

filing is styled as a "Petition to Amendment [sic] Petition Pursuant to 28 U.S.C. § 2255, and Federal Rule of Civil Procedure 15 (c)(2)." Ilyin clearly intends his petition to be construed as a motion to amend.

[2] The Ninth Circuit was quoting *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002), and indeed, went on to adopt "the persuasive reasoning" of that case, *Woods*, 525 F.3d at 890.

15(c)(2) ("[An amendment] relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.").

### 3. Analysis

Though Ilyin's new claims border on futility, his *pro se* status warrants the utmost solicitude. *See, e.g.*, *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir.2001). Leave to amend will therefore be granted in this case. Ilyin's claims are time-barred, however, because they do not relate back to his original petition. The record also demonstrates thoroughly that they are unmeritorious.

Ilyin advances two new claims in his motion to amend. First, he argues his plea was not entered knowingly because his counsel did not explain adequately the collateral appeal waiver, nor voluntarily because his attorney coerced him into waiving his right to challenge his conviction on collateral review. Second, Ilyin maintains he was under the influence of gabapentin and methamphetamine during the explanation of the plea, the plea colloquy, and the signing of the plea agreement. Ilyin further insists his counsel was ineffective for failing adequately to explain the waiver, and permitting him to enter a plea while under the influence of medication and narcotics.

Ilyin is correct that due process requires a guilty plea be both knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). A guilty plea induced by promises or threats which deprive it of the character of a voluntary act is void. *See Machibroda v. United States*, 368 U.S. 487, 493 (1962). Additionally, a petitioner challenging his guilty plea on an ineffective assistance of counsel theory must show (1) his " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) " 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)). Upon inspection, Ilyin's bare allegations will not prove capable of withstanding scrutiny. Leave to amend will be granted under Rule 15(a), however, in recognition of Ilyin's status as a *pro se* petitioner.

Ilyin's new claims are nevertheless time-barred. The statute of limitations applicable under the AEDPA requires that Ilyin's claims be filed on or before one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). As explained below, that date is February 7, 2015, yet Ilyin submitted the motion to amend roughly eight months later.[3]

As a consequence, Ilyin's new claims are timely only if they "relate back" to his original petition, which requires that they contain a "common core of operative facts" with the initial claims. *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009). Stated differently, an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 657.

Here, Ilyin's new claims—that his plea was not knowing and voluntary because his lawyer did not explain adequately the waiver, and allegedly permitted the entry of his plea even though he was under the influence—do not share a common core of operative facts with his original claims; namely, that his attorneys acquiesced to a violation of his rights under the Speedy Trial Act, failed to pursue an outrageous government conduct claim, and failed to inform the court about a post-sentencing prison attack.[4] Because Ilyin asserts new grounds supported by non-overlapping facts, his claims fail to relate back to his original petition, and must be considered untimely.

Even setting that conclusion aside, the record demonstrates Ilyin's plea was knowingly and voluntarily entered, and his counsel was not ineffective. To begin, in his plea agreement, Ilyin confirmed his attorney, a skilled and experienced practitioner, provided him with all the legal

---

[3] Ilyin presumably was aware of the facts giving rise to his amended claims when he filed his initial petition, and no extraordinary circumstance stood in the way of his amending on time. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (noting the standard). Indeed, his original petition was filed with approximately three additional months to spare.

[4] In other words, Ilyin's original petition did not provide the government with "fair notice of what the [petitioner's] claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 (1984).

CASE NO. 12-cr-00467-RS-1

5

advice he requested, and his decision to plead guilty was made voluntarily, without coercion, and with knowledge of both the charges and risks of trial.[5] He also confirmed that when he considered and signed the plea agreement, he was not under the influence of any substance that would impair his comprehension. Ilyin's lawyer confirmed he explained the agreement to his client, and attested that Ilyin understood all of the specific contractual terms.

At the hearing, Ilyin was responsive throughout the plea colloquy and able to follow the questions of the Court. He was asked under oath, "has anyone threatened you or coerced you in any way to enter a guilty plea," to which he answered, "no, sir." Plea Hearing Transcript at 8:17–19. The Court inquired whether he understood he was giving up his direct and collateral appeal rights, to which he responded, "I read that, yes. Yes." *Id.* at 8:20–9:2. Ilyin indicated he was frustrated because his lawyer had encouraged him to plead guilty, but he also admitted his attorney had "been professional," *Id.* at 5:22, and "done more than any other attorney has," *id.* at 5:12–13. When asked if he had taken any drugs, alcohol, or prescription medication in the last twenty-four hours, Ilyin responded: "I take gabapentin for my neuropathy." *Id.* at 6:3. That answer prompted the Court to inquire if the medication affected his "cognitive ability to understand what's going on." *Id.* at 6:6–7. Ilyin responded "[n]o, I guess it doesn't."[6] *Id.* at 6:8. Ilyin's lawyer then indicated he went over the plea agreement "line by line" with his client that morning, *id.* at 6:16–17, and Ilyin himself agreed he was satisfied with his opportunity to discuss the agreement with his counsel, *id.* at 7:1–9. The Court further explained Ilyin's right to submit his case to a jury of

---

[5] The agreement states: "I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney, and that my attorney has provided me with all the legal advice that I requested"; "I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the agreement"; "I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial"; "I also confirm that my decision to plead guilty is made voluntarily and that no one coerced or threatened me to enter into this Agreement." Plea Agreement ¶¶ 18–20.

[6] It is worth noting Ilyin did not mention methamphetamine, and was in custody prior to these events.

twelve individuals, and if convicted, to appeal and be represented by an attorney in that process. *Id.* at 9:3–22.  Ilyin was asked once again if he understood that his guilty plea would forfeit those rights, and he responded "[y]es, sir," just as he did on all previous occasions. *Id.* at 9:23.

In sum, other than the self-serving statements offered in Ilyin's motion to amend, there is no evidence he was coerced by his attorney or under the influence of methamphetamine at any time.  *See Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (asserting that statements made by a "defendant contemporaneously with his plea should be accorded great weight").  Ilyin's allegations are belied by the statements he made under oath in open court, and by the contents of his signed plea agreement.  All told, Ilyin entered his plea voluntarily, after proper advice, and with full understanding of the consequences.  He was advised by competent counsel and did not suffer any identifiable prejudice.[7]  The allegations in Ilyin's motion to amend are entirely meritless.

### B. Ilyin's Original Habeas Petition

#### 1. Statute of Limitations

The government claims that Ilyin's original motion is barred by the statute of limitations. Ilyin was required to file his § 2255 motion no later than one year from the date on which his judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  As the government acknowledges, because Ilyin pursued a direct appeal of his conviction, the one-year clock did not begin to run until those appellate proceedings were terminated.  Pursuant to Ilyin's motion for voluntary dismissal, the Ninth Circuit issued a mandate dismissing his appeal on February 27, 2014.  Ilyin therefore had until at least one year from that date to seek relief under § 2255.[8]  He timely filed his

---

[7] Nor did Ilyin indicate, as he must, that but for counsel's alleged errors, he would not have pleaded guilty.

[8] Typically, the § 2255 clock does not begin to run until "the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 532 (2003).  Given Ilyin's decision to dismiss voluntarily his direct appeal, the *Clay* certiorari rule likely does not apply in this case.  *See, e.g., United States v. Garibay-Mares*, No. CV 07–2644 PHX–NVW, 2008 WL 4630343, at *5 (D. Ariz. Oct. 20, 2008) (holding that where "a prisoner appealed his conviction to the circuit court of appeals but the appeal [was] voluntarily dismissed, the conviction [was] final when the circuit court dismissed the appeal").  In the end, the

motion, with months to spare, on November 17, 2014. The government's argument to the contrary is baseless.

### 2. Waiver

Although his original motion was timely, by entering a voluntary and intelligent guilty plea pursuant to an agreement with the government, Ilyin forfeited his right to seek redress for putative ineffective assistance of counsel of the kind he initially alleged.[9] *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Ilyin's plea agreement states in relevant part: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea." Accordingly, two of the three claims—based, respectively, on allegations that counsel violated his right to a speedy trial and failed to investigate outrageous government conduct—are barred.[10]

### 3. Ineffective Assistance of Counsel

Even assuming for the sake of argument that Ilyin's claims are not barred, he has failed to state a cognizable claim for ineffective assistance of counsel. The proper standard for attorney performance is reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of the *Strickland* test requires the petitioner to demonstrate that his counsel's representation fell "below an objective standard of reasonableness." *Id.* at 688. Courts presume "that counsel's conduct was within the wide range of reasonable assistance, and that [he or she] exercised acceptable professional judgment in all significant decisions made." *Hughes v.*

---

distinction is inconsequential: Ilyin filed his § 2255 motion less than nine months after voluntarily dismissing his direct appeal.

[9] A plea agreement is valid if the defendant entered into it as a result of a voluntary and intelligent choice. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[10] Ilyin also alleges that, after his sentencing and while he was incarcerated in jail awaiting designation to a federal prison, he suffered a vicious attack at the hands of other inmates. Any possibly cognizable claim arising out of such an event would not be barred by the waiver in Ilyin's plea agreement. As discussed in more detail below, however, whatever the potential merits of that claim, it is not properly raised in a § 2255 petition.

*Borg*, 898 F.2d 695, 702 (9th Cir. 1990).  The other prong requires the petitioner to demonstrate a reasonable probability that the outcome of the proceeding would have been different if not for the errors of his counsel.  *Strickland*, 466 U.S. at 694.  To state a viable claim for ineffective assistance, a petitioner must satisfy both elements of the *Strickland* test.  If either is absent, the claim must be dismissed.  *Id.* at 697.  Each of Ilyin's claims fails this test.

### a) Speedy Trial

As mentioned above, Ilyin has entered into a valid plea agreement which serves to waive his rights.  The following discussion addresses the substantive ineffective assistance of counsel claim in the alternative, assuming *arguendo* that Ilyin had not waived his rights.  In the claim, Ilyin contends that his attorneys unreasonably acquiesced in violations of his rights under the Speedy Trial Act.  18 U.S.C. § 3161.  The Speedy Trial Act ensures that a criminal defendant who pleads not guilty will begin trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  Continuances, however, may be excluded from the speedy trial clock if "the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

Ilyin was represented by three different attorneys while his case was pending in the Northern District of California.  He confines his claim of ineffective assistance of counsel to the 111-day period from May 22, 2012 (the date of his arrest)[11] to September 11, 2012 (when his third attorney was appointed).  During that time, a number of continuances and corresponding speedy trial exclusions were entered.  Ilyin says that he objected to those exclusions and consistently articulated a desire to exercise his right to a speedy trial.  He claims his counsel ignored his wishes and failed to raise his objections to the court.  A fair and comprehensive review of the record reveals Ilyin's claim to be meritless.

---

[11] In fact, the speedy trial clock did not begin to run until June 14, 2012, when Ilyin's indictment was filed.  18 U.S.C. § 3161(c)(1).

The bulk of the continuances and speedy trial exclusions at issue were entered to allow Ilyin's first two attorneys time to become familiar with the case. Dkt. Nos. 9, 10, 15, 18, 36. It is reasonable—and, indeed, often necessary—for defense attorneys to seek continuances and corresponding exclusions to gain time to prepare a zealous defense. *United States v. Lam*, 251 F.3d 852, 858 (9th Cir. 2001) (speedy trial claim cannot be predicated on "legitimate delays" related to preparation of counsel which were "necessary for and beneficial" to defense). Exclusions are also "necessarily required" when a substitution of counsel takes place in the midst of proceedings. *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007). It was not unreasonable for Ilyin's attorneys to seek brief continuances and exclusions for preparatory purposes.

Moreover, contrary to Ilyin's assertions, his second attorney dutifully entered into the record his objections to speedy trial exclusions on at least two occasions. Dkt. Nos. 120, 177. It is also worth noting that Ilyin's third attorney brought a motion to dismiss the indictment on speedy trial grounds. Dkt. No. 117.[12] Based on these facts, Ilyin has not demonstrated that his attorneys' performance was deficient or raised a plausible inference that the outcome of his proceedings would have been different but for their allegedly inadequate performance. *Strickland*, 466 U.S. at 688, 694.

Liberally construed, Ilyin's motion also alleges that his attorneys provided ineffective assistance by acquiescing in a violation of his Sixth Amendment right to a speedy trial. "[I]t will be an unusual case," however, "in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated." *King*, 483 F.3d at 977. This is not such a case. Ilyin alleges an unwarranted delay of approximately three and a half months, well below the threshold which might possibly give rise to a claim under the Sixth Amendment. *Id.* at 976 (citing cases finding 15, 17, 20, and 22 month delays insufficient to state Sixth Amendment claim and holding that postponement of nearly two years was likewise inadequate).

### b) Outrageous Government Conduct

---

[12] That motion was mooted when Ilyin entered into his plea agreement with the government.

1   Ilyin next asserts that his counsel provided ineffective assistance by failing to pursue an

2   outrageous government conduct claim against the San Francisco Police Department and the Drug

3   Enforcement Agency.  In fact, at Ilyin's "insistence," his third attorney *did* pursue such a claim.

4   Dkt. No. 194.   In response to Ilyin's requests, counsel engaged two private investigators and

5   instructed his office to review relevant records.   According to counsel, the investigation

6   uncovered no support for Ilyin's allegations of a government conspiracy.  *Id.*   Nonetheless, the

7   attorney filed a motion to dismiss the indictment predicated on "precisely the same factual

8   allegations" as those contained in Ilyin's present ineffective assistance claim.  Dkt. No. 113.[13]  In

9   light of this aggressive advocacy, Ilyin's second claim has no merit.

### c) Prison Attack

Finally, Ilyin maintains that a departure in his sentence is warranted because counsel failed to inform the court about a post-sentencing prison attack.  Assuming that such an attack occurred as Ilyin has recounted, his present claim nonetheless still lacks merit.  At bottom, the alleged attack (and his counsel's response, or lack thereof, to that event)[14] had no effect on the propriety of his sentence.  28 U.S.C. § 2255(a) (allowing petitioner to raise claim that "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack"); *see also Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979) ( "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").   If Ilyin indeed suffered the vicious attack referenced in his moving papers, he may have a claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  He does not, however, state a

---

[13] Like the speedy trial motion, Ilyin's outrageous government conduct motion was mooted when he agreed to plead guilty to the indictment.

[14] Ilyin's third attorney, who represented him at sentencing, had already withdrawn as counsel by the time of the attack.

colorable claim for relief under § 2255.[15]

## IV. CONCLUSION

Ilyin fails to articulate any colorable theory under which he might be entitled to § 2255 relief. His motion for leave to amend his original petition is granted, but his motion to vacate his sentence under § 2255 is denied.

**IT IS SO ORDERED**.

Dated: December 18, 2015

RICHARD SEEBORG
United States District Judge

---

[15] Ilyin appears to allege that there may have been some connection between the attack and the government conspiracy referenced in his second claim for relief. This allegation is wholly conclusory and does not bring his claim within the purview of § 2255.